**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 2:25-cr-00039

GARY W. JACKSON,

Defendant.

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Gary W. Jackson's ("Defendant") Motion to Reconsider. (ECF No. 62.) For the reasons discussed herein, the motion is **DENIED**.

## *I. BACKGROUND*

A detailed recitation of the facts of this action can be found in the Court's previous Memorandum Opinion and Order, (ECF No. 45), and need not be repeated here. The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Defendant's pending motion.

Of relevance, on April 27, 2026, Defendant filed a Motion to Dismiss based on alleged violations of the Fifth and Sixth Amendments of the United States Constitution. (ECF No. 29.) After that motion was fully briefed, the Court heard oral arguments at an in-person hearing. (*See* ECF No. 38.) On June 8, 2026, the Court denied Defendant's Motion. (ECF No. 45.)

Then, on July 27, 2026, Defendant filed the pending Motion to Reconsider. (ECF No.

62.) The Government filed a timely response in opposition. (ECF No. 65.) The Court then held a hearing during which time all parties had the opportunity to present arguments. (ECF No. 67.)

As such, this Motion is fully briefed and ripe for adjudication.

## *II. LEGAL STANDARD*

Motions for reconsideration in a criminal case are not authorized by federal statute, the Federal Rules of Criminal Procedure, or this District's local rules. Nevertheless, the Fourth Circuit has held that a district court has jurisdiction to entertain motion for reconsideration filed in a criminal case from an order denying relief when the motion is filed before the order sought to be reconsidered becomes final. *Nilson Van & Storage v. Marsh*, 755 F.2d 362, 364 (4th Cir. 1985), *cert. denied*, 474 U.S. 818 (1985); *see also United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985) (explaining that "a defendant's remedies are limited by the statutes and Federal Rules of Criminal and Appellate Procedure, subject only to vacation or modification of an interlocutory order before it has become final or judgment has been entered thereupon"). An interlocutory order becomes final upon expiration of the appeal period under Federal Rule of Appellate Procedure 4(b), at which point the Court lacks jurisdiction to consider a motion for reconsideration. *See United States v. Pee*, 22 F. App'x 341, 342 (4th Cir. 2002) (explaining that, because the defendant failed to file a timely appeal to an interlocutory order, "the district court lacked jurisdiction to entertain the motion [to reconsider]"); *United States v. Idema*, 59 F.3d 168 (4th Cir. 1995) (unpublished) (same); *United States v. James*, 898 F.2d 148 (4th Cir. 1990) (unpublished) (same); *United States v. Silvious*, 862 F.2d 871 (4th Cir. 1988) (same).

If a motion to reconsider is timely filed, courts apply the standard from the Federal Rules of Civil Procedure. *See, e.g.*, *United States v. Tyson*, 779 F. Supp. 3d 741, 752 (E.D. Va.

2025). Rule 54(b) of the Federal Rules of Civil Procedure governs motions to reconsider interlocutory orders. *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991). Though Rule 54(b) grants courts broad discretion to reconsider prior rulings to ensure justice is done, that discretion "is not limitless." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). In the Fourth Circuit, "courts . . . cabin[ ] revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id.*; *see also U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) ("[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case."). Thus, prior rulings cannot be disturbed unless there has been "(1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; [or there becomes] (3) [a] need to correct clear or manifest error in law or fact, to prevent manifest injustice."[1] *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *see also Employers' Innovative Network, LLC v. Bridgeport Benefits, Inc.*, No. 5:18-CV-01082, 2019 WL 8160984, at *1 (S.D. W. Va. Sept. 17, 2019) (Berger, J.) (quoting *Howard v. W. Va. Div. of Corr.*, No. 2:13-CV-11006, 2016 WL 1173152, at *5 (S.D. W. Va. Mar. 22, 2016) (Johnston, J.)).

A "clear error" finding requires a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) ("In order to justify reconsideration due to clear error, the error cannot be just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week

[1] This standard seemingly mirrors that applicable to motions to reconsider final orders under Rule 59(e). There is, however, one difference: the Rule 54(b) standard "departs from [the Rule 59(e)] standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.'" *Carlson*, 856 F.3d at 325 (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

old, unrefrigerated dead fish."). The manifest injustice standard also "presents parties with a high hurdle." *In re Yankah*, 514 B.R. 159, 166 (E.D. Va. 2014) (quoting *Westerfield v. United States*, 366 Fed. Appx. 614, 620 (6th Cir. Feb. 24, 2010)). It requires that a "fundamental flaw" exists in a court's decision. *See id.*

Clearly, motions to reconsider are heavily disfavored. *See, e.g.*, *Mey v. Castle L. Grp., PC*, No. 5:19-CV-185, 2022 WL 4356173, at *1 (N.D. W. Va. Jan. 20, 2022) (recalling that retired Magistrate Judge James E. Seibert often stated that "there is a special place in hell for lawyers who file motions to reconsider"). They are "an extraordinary [request] which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403. Parties may not file a motion to reconsider merely to rehash arguments that have already been raised and rejected. *Carlson*, 856 F.3d at 326; *Regan v. City of Charleston*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014). Nor may parties use a motion to reconsider to make new "arguments which could have been raised" earlier but were not. *Pac. Ins. Co.*, 148 F.3d at 403. Simply put, there is no second bite at the apple. *Wooten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016). Courts' interlocutory rulings must stand unless one of the three narrow exceptions identified above applies. *Carlson*, 856 F.3d at 325 ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009))); *see also Norfolk S. Ry. v. Nat'l Union Fire Ins. of Pittsburgh*, 999 F. Supp. 2d 906, 918 (S.D. W. Va. 2014) ("[I]t is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through—rightly or wrongly.").

## *III. DISCUSSION*

In the pending motion, Defendant does not provide the relevant legal standard or apply it to the facts of the case. It is clear why.

On its face, Defendant's motion appears meritless. For the most part,[2] Defendant argues that "contrary to the Court's conclusions in its previous memorandum, the [Kentucky jail] as well as the Kentucky court overseeing [Defendant]'s case were both aware of the federal detainer for the entire time [Defendant] was in Kentucky custody, and this awareness factored into discussions about [Defendant] receiving or not receiving a bond." (ECF No. 62 at 2.) While Defendant attached documents that show that the first detainer was sent to Kentucky, there is still no evidence that this "awareness factored into" the decision to deny Defendant bond.[3] (*Cf.* ECF No. 45 at 11 (explaining that "there is no evidence before the Court that Kentucky denied Defendant's bond due to a federal detainer" and noting that Kentucky had "initially released Defendant on bond after he falsely used a relative's name"). Is it possible that Defendant was denied bond due to his federal detainer? Sure. Nevertheless, at the very least, the Court's decision passes the smell

[2] Defendant also tries to rehash arguments. *But see Carlson*, 856 F.3d at 326. For example, Defendant insists that he was prejudiced by the delay in being appointed federal counsel because "there are substantial differences between state and federal criminal practice." (ECF No. 62 at 3.) The Court already rejected this same argument. (ECF No. 45 at 10, n.8.) Defendant now adds that the state attorney "denied knowing how to bring about [Defendant]'s asserting his constitutional speedy trial rights in a foreign, federal action," (ECF No. 62 at 3), but Defendant did not raise that issue before, *cf. Pac. Ins. Co.*, 148 F.3d at 403. Similarly, at the pretrial motions hearing, Defendant also argues that he was prejudiced by the delay based on an alleged cell phone that was not turned over by the Government. (*See* ECF No. 67 (also repeating arguments about the alleged missing witnesses, which the Court already rejected in its Memorandum Opinion and Order).) However, Defendant did not raise that issue before, *cf. Pac. Ins. Co.*, 148 F.3d at 403, despite the fact that Defendant's counsel claims to have been aware of and pursuing that issue since before the original motion to dismiss was filed, (*see* ECF No. 67 (also discussing the issue of a K-9 unit that allegedly bit a child, which was not previously raised and does not appear to have any relevance to Defendant's speedy trial issue)).

[3] Defendant points to a Motion to Continue that was filed by the State of Kentucky "so that [Defendant]'s pending federal case could be resolved on the merits first." (*See* ECF No. 62 at 2.) However, Defendant's original motion to dismiss claimed prejudice because he was denied bond, (*see* ECF Nos. 29, 36, 38), and not because his state court proceedings were continued due to his federal indictment, *cf. Pac. Ins. Co.*, 148 F.3d at 403.

test.[4] *See Franchot*, 572 F.3d at 194 (explaining that clear error "cannot be just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week old, unrefrigerated dead fish.").

Ultimately, though, the Court need not determine the merits of Defendant's arguments. The Court's opinion denying the motion to dismiss was entered on June 8, 2026. (ECF No. 45.) Thus, Defendant had until June 22, 2026, to file an appeal. Fed. R. App. P. 4(b)(1)(a)(i). However, he did not file the pending motion to reconsider until July 27, 2026. (ECF No. 62.) Accordingly, because the pending motion to reconsider was not timely filed, the Court lacks jurisdiction to consider it. *See Marsh*, 755 F.2d at 364; *Pee*, 22 F. App'x at 342.

Accordingly, because the Court lacks jurisdiction, Defendant's Motion to Reconsider, (ECF No. 62), is **DENIED**.

## *IV. CONCLUSION*

For the foregoing reasons, Defendant's Motion to Reconsider, (ECF No. 62), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 21, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

[4] The Court observes that the issue Defendant raised could have easily been avoided by NOT committing one or more offenses in Kentucky.